## FOR THE UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| Water Technology, LLC and Water Tech Corp., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 4:17-cv-1906 |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| Kokido Development Limited and Menard, Inc., | ) ) ) | |
| Defendants. | ) | |

## PATENT INFRINGEMENT COMPLAINT

Water Technology, LLC and Water Tech Corp. (collectively "Water Tech" or "Plaintiffs"), by and through their attorneys, for their complaint against Kokido Development Limited ("Kokido") and Menard, Inc. d/b/a Menards ("Menards") (collectively "Defendants"), allege as  follows:

## INTRODUCTION

1.      This is an action for patent infringement, brought under Title 35, United States Code, Section 271, to remedy Defendants' infringement of Water Tech's patented pool vacuum technology. Water Tech and its employees are New Jersey-based award-winning inventors, innovators, designers, manufacturers, and marketers of pool maintenance tools and parts. Its customers include manufacturers, importers and retailers worldwide. Its primary product line consists of hand-held rechargeable battery-powered pool cleaners.

2.      The United States Patent and Trademark Office has recognized several of Water Tech's inventions by awarding U.S. Patents, including patents asserted herein, to Water Tech.

3.      Between 2005 and the present date, Water Tech has received the "Pool & Spa News & Readers' Choice Award for Best New Product" approximately seven (7) times. In 2010,

Water Tech received the "Prestigious Rising Star" award from Leslie Swimming Pool Supplies, a leading U. S. retail chain of pool products with over 850 stores nationwide.

4.      Defendant Kokido is a Hong Kong-based manufacturer of battery-powered pool cleaners and vacuums. It markets and distributes its products to wholesale and retail customers throughout the United States, including in St. Louis, Missouri in the Eastern District of Missouri and the world, under various brand names, including but not limited to Telsa, Lektra, Wanda, and Vektro. Upon information and belief, Kokido distributes and sells its products to e-commerce customers, such as www.Amazon.com and www.vminnovations.com; e-commerce and brick and mortar "big box" stores, such as Defendant Menards; and e-commerce and brick and mortar specialty pool supply stores, such as Leslie's Pool Supply and At Home Recreation, LLC. Kokido's customers, in turn, often sell Kokido products online and in stores to customers in St. Louis, Missouri in the Eastern District of Missouri.

5.      By making, selling, offering for sale, and importing into the United States its competing line of battery-powered pool cleaners and vacuums, Defendants have infringed, and continue to infringe various utility and design patents, asserted herein and owned by Water Technology LLC and exclusively licensed to Water Tech Corp. During approximately 2013 and 2014, Water Tech manufactured and sold to Kokido a version of a hand-held rechargeable battery-powered pool vacuums under the product name "Vektro" – shown below in Image 1 – for Kokido to distribute and re-sell *outside* the United States.  Water Tech's patent numbers were clearly emblazoned on the products manufactured for re-sale by Kokido – as shown on Image 2, below – putting Kokido on notice of Water Tech's intellectual property rights. On information and belief, Kokido subsequently copied several Water Tech products, including the Vektro product that Kokido previously purchased from Water Tech, and designed, engineered and

2

manufactured said products which contained features covered by Water Tech's patents without Water Tech's permission. Starting in approximately 2015, Kokido began making, selling, offering for sale, and importing *into the United States*, for re-sale by customers such as Menards, hand-held battery-powered pool cleaner and vacuum products utilizing Water Tech's patented technologies.



Image 1 (Kokido "Vektro" manufactured by Water Tech)



Image 2 (Water Tech patents marked on Kokido "Vektro" manufactured by Water Tech)

3

6.      Prior to the appearance of Kokido's infringing pool vacuum products in the United States, Water Tech attorneys sent correspondence to Kokido on or about August 12, 2015 providing Kokido with notice of Water Tech's numerous patents, including, but not limited to, the Asserted Patents described below. Kokido willfully and intentionally proceeded to distribute and sell its infringing pool vacuums in the United States despite the notice provided by Water Tech. A legal representative of Kokido responded to the correspondence in a letter dated December 1, 2015, in which Kokido offered to make its products available for inspection. Thereafter, Water Tech requested an opportunity to inspect Kokido's products, but did not receive a response or further correspondence from Kokido's representative.

7.      Menards is a "big box" online and brick and mortar mass merchant retailer of many products, including Kokido's infringing hand-held rechargeable battery powered pool vacuums. Prior to 2016, Menards purchased such products from Water Tech. In 2016 Menards notified Water Tech that it would not be ordering such products from Water Tech for the 2017 pool product season. Kokido also sells its infringing products in the United States to e-commerce distributors, including, but not limited to, www.vminnovations.com, www.poolsupplies.com, www.amazon.com, www.jet.com, www.walmart.com, www.eBay.com, and other e-commerce retailers, and brick and mortar pool supply wholesalers and retailers, including, but not limited to, www.pool360.com and At Home Recreation, LLC.

8.      Defendants' misconduct has caused and is causing damage and irreparable harm, for which Water Tech respectfully seeks relief.

## THE PARTIES

9.      Water Tech Corp. is a New Jersey corporation with a principal place of business at 10 Alvin Court, Suite 111, East Brunswick, NJ 08816. Water Tech Corp. has been in business for over 15 years in New Jersey and manufactures, imports, distributes, and sells a diversified

4

lineup of pool and spa vacuum cleaners, including the Pool Blaster line of battery-powered pool vacuums. Water Tech Corp's channels of trade include sales to pool cleaner distributors, "big box" brick and mortar and e-commerce retail stores, specialty pool supply stores, and e-commerce fulfillment centers and websites.

10.     Water Technology, LLC is a Delaware limited liability company with a principal place of business at 10 Alvin Court, Suite 111, East Brunswick, NJ 08816.  Water Technology, LLC is a wholly-owned subsidiary of Water Tech Corp. and serves as a holding company for the intellectual property controlled by, and exclusively licensed to Water Tech Corp. Water Tech Corp. is the sole member of Water Technology, LLC. Water Technology, LLC's assets consist of, among others, design and utility patents and applications on which Water Tech employees are inventors or which were otherwise acquired in furtherance of the business of Water Tech.

11.     Upon information and belief, Kokido Development Limited is a Hong Kong Limited Liability Company with a principal place of business at Unit 1319, Sunbeam Center, No. 27 Shing Yip Street, Kwun Tong, Kowloon, Hong Kong. According to its website, www.kokido.com, Kokido was established in Hong Kong in the early 1990s and allegedly designs and manufactures pool maintenance tools and parts for manufacturers, importers, and retailers.

12.     Upon information and belief, Menard, Inc. is a corporation organized under the laws of Wisconsin with a headquarters and principal place of business at 5101 Menard Dr., Eau Claire, Wisconsin 54703-9604. Menard, Inc. does business as "Menards," and according to its website, www.Menards.com, is a family-owned company started in 1958. It presently owns and operates more than 300 home improvement brick and mortar stores in Illinois, Indiana, Iowa, Kansas, Kentucky, Michigan, Minnesota, Missouri, Nebraska, North Dakota, Ohio, South Dakota, Wisconsin, and Wyoming. It has at least seven (7) stores in the Eastern District of Missouri

including four (4) stores in the St. Louis, Missouri metropolitan area, as well as stores in

Farmington, Cape Girardeau and Poplar Bluff, Missouri. Menards also sells its products to

customers throughout the United States through e-commerce.

**JURISDICTION AND VENUE**

13.     This is a civil action for patent infringement arising under the patent laws of the

United States, 35 U.S.C. § 1, et seq. This Court has original subject matter jurisdiction under 28

U.S.C. §§ 1331, 1332 and 1338(a).

14.     Plaintiffs seek damages for patent infringement and an injunction  precluding

Defendants from making, using, importing, selling or offering to sell, and from  inducing others to

make, use, import, sell, or offer to sell products which infringe Plaintiffs' patented technology.

15.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331  and 1338(a)

and 15 U.S.C. § 1121(a).

16.     Defendant Kokido is subject to personal jurisdiction in this judicial district, at least

because Plaintiffs' claims for patent infringement against Kokido arise from Kokido's acts of

infringement in the State of Missouri and in the Eastern District of Missouri. Specifically, Kokido

directly infringed, contributed to the infringement of, and induced the infringement of the

Asserted Patents, described below. The acts of infringement included and include, but are not

limited to, making, using, selling, offering to sell, and otherwise making available to consumers,

directly and/or through third parties, including, but not limited to, distributors and retailers,

infringing products, including, but not limited to, Kokido's Telsa line of battery-powered

submersible pool vacuums, including, but not limited to, the Telsa 10, Telsa 30, Telsa 50, Telsa 80,

Wanda, and Lektra; and Kokido's Vektro line of battery-powered submersible pool vacuums,

including, but not limited to, the Vektro T150, Vektro V300, and Vektro X400 (the "Accused

Products"). Kokido also placed and places the Accused Products into the stream of commerce

6

through an established distribution channel with full awareness that said products would be, and have been, shipped into and sold from, in, and into this district. By engaging said distribution channels, Kokido intended and intends that the Accused Products be sold in this District.

17.     For example, according to Kokido's website, http://www.kokido.com/about/, Kokido claims to be "an exciting and innovative lifestyle company dedicated to the *global* swimming pool market" (emphasis added). It also claims to "design and manufacture pool maintenance tools and parts for manufacturers, importers and retailers *worldwide*" (emphasis added).

18.     Kokido also distributes its products, including the Accused Products, through established channels of distribution, namely distributors, with full awareness that substantial quantities of its products, including the Accused Products, are likely to be and have been shipped into the State of Missouri and the Eastern District of Missouri. Several such distributors sell Kokido's Accused Products in this District both at local brick and mortar stores and over the Internet through websites capable of e-commerce transactions with consumers in this District.

19.     In addition, Kokido delivers its products, including its Accused Products, into the United States via the shipping ports located in Newark, New Jersey, among others.

20.     This Court has personal jurisdiction over Kokido due to, at least, Kokido's contacts with Missouri, including, but not limited to, the above-described activities.

21.     Venue is proper in this District as to Kokido under 28 U.S.C. §§ 1400(b) and 1391(c), because  Defendant Kokido is a foreign company that is subject to personal jurisdiction in this District, has committed acts of infringement in this District, is not resident in the United States, is not incorporated in the United States, and does not have a regular and established place

of business in any district in the United States. *See TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 2017 WL 2216934 at *7 n.2 (2017).

22.    Venue is proper in this District as to Menards under 28 U.S.C. § 1400(b), because it is a domestic corporation, has committed acts of infringement in this District, and has a regular and established place of business in this District.

## FACTS

### Plaintiffs' Pool Cleaning Products

23.    Water Tech has been in business in the United States for over 15 years. During that time it has revolutionized the pool cleaning industry by developing one of the most diversified line-ups of pool and spa vacuum cleaners. Its products provide cleaning solutions for every pool, spa, and budget. Water Tech has succeeded in both the US and international markets and has become a leader in the world of pool and spa cleaning. Water Tech dominates its field by investing large amounts of time and money in research and development of technology solutions to pool cleaning problems.

24.    Known in its industry as the "Pool Invention People," Water Tech's motto is: "**We Didn't Create The Pool Cleaning Industry, We Revolutionized It."** The first pool cleaner was invented in 1926, but for years thereafter pool owners were tethered to water hoses and electric cords. In 2001 Water Tech revolutionized the industry by inventing hand-held battery-powered pool cleaners and in the process created a new market category with the release of the "Pool Blaster Max." Water Tech did for the pool cleaner industry what dust busters did for the floor cleaner industry. What ensued were a series of Water Tech industry-transforming products. Water Tech's innovative and revolutionary products became the benchmark for innovation in the world of pool and spa cleaning. To date, Water Tech remains the *only* company to have solved the battery-powered puzzle. Water Tech's expertise in the pool accessories and

8

cleaning market includes the application of novel and patented technologies to the underwater use of battery-powered electric vacuum cleaners. Water Tech now features thirty-one (31) different battery-powered models in the Pool Blaster Line and ten other cleaners.

25. Prior to the advent of Water Tech's revolutionary technology, which makes it possible for an underwater vacuum cleaner to be completely liberated from external power and vacuum sources, users were chained to either an electrical cord or heavy and cumbersome vacuum tubes when attempting to spot clean their pools. These cords and heavy tubes often had to be routed long distances from a home electrical outlet or the pool's primary or secondary pump system simply to clean even the smallest debris from the bottom of the pool. With the release of Water Tech's innovative line of battery-powered, cordless pool cleaners, which utilize Water Tech's patented technologies, Water Tech not only solved a number of longstanding problems in the pool cleaning industry, but at the same time, it created an entirely new market segment – Handheld Pool and Spa vacuums. As a result of its innovative designs and inventions, Water Tech has naturally become the industry leader in this new and important segment. By way of example, Water Tech's Pool Blaster Catfish and Pool Blaster Max hold the number 1 and 2 spot on the Best Seller list in handheld Pool vacuums on Amazon, however, Kokido's Accused Products are gaining United States market share by infringing the Patents-in-Suit. *See* https://www.amazon.com/gp/bestsellers/lawn-garden/1272982011/ref=sr_bs_0_1272982011_1. During the past 15 years, Water Tech has sold approximately 1.6 million units of Handheld Pool and Spa vacuums.

26. Water Tech accomplished its market dominance and expertise in underwater, hand-held, battery-powered electric vacuums by investing substantial time and resources in research and development in order to design and develop advanced battery-powered electric

9

underwater vacuum systems that optimize pool cleaning convenience, ease-of-use, performance, and efficiency. Water Tech offers a range of pool accessories and cleaning products with the goal of simplifying processes, increasing efficiency, and enhancing user outcomes.

27.     By investing substantial time and resources in research and development, Water Tech has achieved unmatched dependability, ease-of-use, and flexibility in application of its patented products. These three characteristics define Water Tech's line of pool cleaning devices, and are why they are so highly regarded by the consumers who use them.

28.     Water Tech currently markets a number of pool cleaning devices which incorporate features of the inventions claimed in the Asserted Patents, including, which devices include but are not limited to, the Water Tech "Pool Blaster," "iVac," "Volt," and "Precision" series of products. Notably, many of Defendants' Accused Products are sold side-by-side with Water Tech's products at many of the previously mentioned online retailers, thereby directly impeding the sales of Water Tech's products. *See, e.g*.,

https://www.vminnovations.com/Browse_2247/Handheld-Pool-Vacuums.html

**The Patents-in-Suit**

29.     Water Tech's research and development investment and innovation resulted in being awarded several U.S. design and utility patents which are valid and enforceable. Several of Water Tech's patents, including the Asserted Patents herein, are directed to various solutions to the problem of providing hand-held pool cleaning apparatuses which are battery-powered, rechargeable and encase the batteries and charging ports in airtight, waterproof compartments, thereby eliminating cords and suction hoses making the job much less cumbersome and even possible for some users who would be unable to handle a larger, heavier cleaning apparatus. Water Tech's products are marked with its patent numbers, including the Asserted Patents referred to herein.

10

30.     Water Tech has manufactured and/or currently manufactures a number of products which are representative of the patents-in-suit including the Pool Blaster "Catfish," "Leaf Vac/Leaf Demon," "Aqua Broom," and the "Pulse."

31.     The Water Tech Pool Blaster Catfish is a lightweight, user friendly and affordable handheld battery-powered cleaner incorporating the technology found in the Patents-in-Suit and is depicted below in Image 3:



Image 3 (Pool Blaster Catfish)

32.     The Water Tech Pool Blaster Leaf Vac/Leaf Demon is a lightweight, user friendly and affordable handheld battery-powered leaf vacuum incorporating the technology found in the Patents-in-Suit and is depicted below in Image 4:



Image 4 (Pool Blaster Leaf Vac)

11

33.     The Water Tech Pool Aqua Broom is another lightweight, user friendly and affordable handheld battery-powered wand type cleaner incorporating the technology found in the Patents-in-Suit and is depicted below in Image 5:



Image 5 (Pool Blaster Aqua Broom)

34.     The Water Tech Pool Pulse is a handheld, battery-powered pool cleaner incorporating the technology found in the Patents-in-Suit and is depicted below in Image 6:



Image 6 (Water Tech Pulse)

SLC-8311585-1

**The '460 Patent: "Portable Electric Pool Cleaner"**

35.     On September 6, 2005, the United States Patent and Trademark Office (the "USPTO") issued U.S. Patent No. 6,939,460 ("the '460 patent"), entitled "Portable Electric Pool Cleaner." A true and correct copy of the '460 patent is attached as Exhibit 1. Guy Erlich, President of Water Tech Corp., is the sole named inventor on the application for the '460 patent, which application was filed on September 23, 2004.

36.     The '460 patent is a continuation of U.S. Patent No. 6,797,157, which was applied for on October 29, 2002.

37.     Water Technology, LLC is the owner of, and Water Tech Corp., is the exclusive licensee of, all rights, title, and interest in the '460 patent including the right to sue thereon and the right to recover for infringement thereof.

38.     The '460 patent is currently in full force and effect.

**The '182 Patent: "Hand-Held Pool Cleaner"**

39.     On June 13, 2006, the USPTO issued U.S. Patent No. 7,060,182 ("the '182 patent"), entitled "Hand-Held Pool Cleaner." A true and correct copy of the '182 patent is attached as Exhibit 2. The named inventors on the application for the '182 patent, filed December 22, 2005, are Guy Erlich, David G. Reed, and Jonathan Elmaleh.

40.     The '182 patent is a continuation-in-part of the '460 patent, which is a continuation of U.S. Patent No. 6,797,157, which was applied for on October 29, 2002.

41.     Water Technology, LLC is the owner of, and Water Tech Corp., is the exclusive licensee of, all rights, title, and interest in the '182 patent, including the right to sue thereon and the right to recover for infringement thereof.

42.     The '182 patent is currently in full force and effect.

13

### The 'D396 Design Patent: "Pool Vacuum"

43.     On November 27, 2007, the USPTO issued U.S. Design Patent No. D556,396 ("the 'D396 design patent"), entitled "Pool Vacuum." The named inventors on the application for the 'D396 design patent, which application was filed on November 9, 2006, are Pat Y. Mah, Alexander Joseph Kalogroulis and Matthew Edward White. A true and correct copy of the 'D396 design patent is attached as Exhibit 3.

44.     Water Technology, LLC is the owner of, and Water Tech Corp., is the exclusive licensee of, all rights, title, and interest in the 'D396 design patent, including the right to sue thereon and the right to recover for infringement thereof.

45.     The 'D396 design patent is currently in full force and effect.

### The '975 Patent: "Pool Vacuum"

46.     On December 29, 2009, the USPTO issued U.S. Patent No. 7,636,975 ("the '975 patent"), entitled "Pool Vacuum." The named inventors on the application for the '975 patent, which application was filed on May 15, 2008, are Pat Y. Mah, Alexander Joseph Kalogroulis, and Matthew Edward White. A true and correct copy of the '975 patent is attached as Exhibit 4.

47.     Water Technology, LLC is the owner of, and Water Tech Corp., is the exclusive licensee of, all rights, title, and interest in the '975 patent, including the right to sue thereon and the right to recover for infringement thereof.

48.     The '975 patent is currently in full force and effect.

### The '441 Patent: "Hand-Held Submersible Pool and Spa Power Cleaner"

49.     On October 9, 2012, the USPTO issued U.S. Patent No. 8,281,441 ("the '441 patent"), entitled "Hand-Held Submersible Pool and Spa Power Cleaner." The named inventors on the application for the '441 patent, which application was filed on May 16, 2011, are Guy Erlich and James Kosmyna. A true and correct copy of the '441 patent is attached as Exhibit 5.

14

50.     Water Technology, LLC is the owner of, and Water Tech Corp., is the exclusive licensee of, all rights, title, and interest in the '441 patent, including the right to sue thereon and the right to recover for infringement thereof.

51.     The '441 patent is currently in full force and effect.

**Kokido and Menards' Infringement of Water Tech's Patents**

52.     Defendants have infringed and continue to infringe Water Tech's valid and enforceable U.S. patents by making, selling, offering for sale, and/or importing into this District and elsewhere, certain pool cleaning products, including, but not limited to, Kokido's Telsa 10, Telsa 30, Telsa 50, Telsa 80, Wanda, Lektra, Vektro T150, Vektro V300, and Vektro X400 pool cleaning tools (the "Accused Products"). The Accused Products are imported into the United States and distributed in the United States through distributors and retailers online and in brick and mortar stores.

53.     The Kokido Telsa 10 is described as a Rechargeable Handheld Pool Vacuum for Small Pools, number EV10CBX/US, and is depicted below in Image 7:



Image 7 (Telsa 10)

54.     The Kokido Telsa 30 is described as a Rechargeable Above Ground Swimming Pool & Spa Battery Operated Vacuum, number EV30CBX/US, and is depicted below in Image 8:



Image 8 (Telsa 30)

55.    The Kokido Telsa 50 is described as a Rechargeable Electric Handheld Pool

Vacuum and is depicted below in Image 9:



Image 9 (Telsa 50)

56.    The Kokido Telsa 80 is described as a Rechargeable Handheld Pool Vacuum for

Small Pools, number EV80CBX/US, and is depicted below in Image 10:



Image 10 (Telsa 80)

57.    The Kokido Lektra Vac is described as a Battery Powered Swimming Pool

Cordless Vacuum Broom Cleaner and is depicted below in Image 11:



Image 11 (Lektra)

58.    The Kokido Wanda is described as a Battery Powered Vacuum for Swimming

Pools and is depicted below in Image 12:

17



Image 12 (Wanda)

59.     The Vektro T150 is described as a Rechargeable Spa & Pool Vac and is depicted below in Image 13:



Image 13 (T150)

60.     The Vektro V300 is described as a Handheld Rechargeable Spa & Pool Vac and is depicted below in Image 14:



Image 14 (V300)

61.     The Vektro X400 is described as a Rechargeable Handheld Pool Cleaner and is

depicted below in Image 15:



Image 15 (X400)

62.     At all relevant times, Defendants had knowledge of the Patents-in-Suit and their

acts constituting infringement thereof, not only through the filing of this Complaint, but also

through direct correspondence from counsel for Water Tech to Kokido dated August 12, 2015.

63.     Further, at all relevant times, Defendants had knowledge of the Patents-in-Suit as a

result of Defendant Kokido's purchase and resale of products incorporating the patented features

covered by the Asserted Patents from Water Tech including, but not limited to, on or about September 23, 2013.

64.     One of the specific occasions on which Kokido imported their Infringing Products into the United States was on April 8, 2017 into the Port of Seattle, Washington for delivery to Menards.

65.     Prior to August 8, 2016, Menards purchased Pool Blaster products from Water Tech for resale in its brick and mortar stores and online. Between January 10, 2012 and August 8, 2016, Menards had purchased $2,411,431.02 worth of pool cleaning products from Water Tech. Since August 8, 2016, Menards has purchased $0 worth of pool cleaning products from Water Tech and has instead begun purchasing and marketing Kokido's Accused Products.

66.     On or about August 8, 2016, Menards notified Water Tech that it would not be purchasing Water Tech battery-powered pool vacuums and cleaners for the 2017 pool supply season.

67.     On or about March 1, 2017, Menards began displaying on its shelves in its brick and mortar stores and online Kokido battery-powered pool vacuums and cleaners, including, but not limited to, the Kokido Telsa 30 and the Kokido Lektra. On or about June 12, 2017, a paralegal for Water Tech's counsel, purchased samples of the Kokido Telsa 30 and the Kokido Lektra at the Menards at 1700 S Hanley Rd, St. Louis, MO 63144.

68.     During early 2017, Water Tech ordered samples of the Kokido Telsa 10, Telsa 30, Telsa 50, Telsa 80, Lektra, and Wanda through www.amazon.com and the products were delivered to Water Tech's principal place of business in New Jersey.

69.     Water Tech has not granted any license to Defendants under the Asserted Patents.

70.     Defendants' statutory violations and other wrongful acts have injured and threaten to irreparably injure Water Tech, including loss of customers, revenue and market share.

71.     As a result of said injuries, Water Tech's market share, reputation, and good will in the pool cleaner and battery-powered pool and spa vacuum industry will be irreparably harmed if Defendants are allowed to continue their infringing activities. For example, some online retailers of pool cleaners offer to sell, sell, and market the Accused Products side-by-side with Water Tech's patented products.

## COUNT I

### Infringement of the '460 Patent

72.     Water Tech incorporates by reference each and every allegation contained in Paragraphs 1 through 71 as though fully set forth at length herein.

73.     Defendants have infringed, literally and under the doctrine of equivalents, and continue to infringe the '460 patent by making, using, importing, selling, and/or offering for sale, in this district and elsewhere, certain pool cleaning products, including, but not limited to, Kokido's Telsa 10, Telsa 30, Telsa 50 and Telsa 80 pool cleaning tools, without Plaintiffs' consent or permission.

74.     Defendants also have actively, knowingly and intentionally aided and abetted and induced infringement of the '460 patent by non-parties in violation of 35 U.S.C. § 271(b), including end-users, despite Defendants' knowledge of the '460 patent.

75.     The Kokido Telsa 10, Vektro T100, and Vektro T150 directly infringe one or more of the claims of the '460 Patent, including at least independent claim 1, as demonstrated in Exhibit 6 to this Complaint.

76.     The Kokido Telsa 30 and Vektro Z200 directly infringe one or more of the claims of the '460 Patent, including at least independent claim 1, as demonstrated in Exhibit 7 to this Complaint.

77.     The Kokido Telsa 50 and Vektro V300 directly infringe one or more of the claims of the '460 Patent, including at least independent claim 1, as demonstrated in Exhibit 8 to this Complaint.

78.     The Kokido Telsa 80 and Vektro X400 directly infringe one or more of the claims of the '460 Patent, including at least independent claim 1, as demonstrated in Exhibit 9 to this Complaint.

79.     Defendants' actions in infringing the '460 patent have been, and continue to be, willful, deliberate, and/or in conscious disregard of Water Tech's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

80.     As a result of Defendants' infringing activities, Plaintiffs sustained damages in an amount to be proven at trial.

81.     Defendants will continue their infringing activities unless and until they are restrained and enjoined by this Court.

82.     Defendants' infringing activities have caused, and will continue to cause, Plaintiffs irreparable harm for which there is no adequate remedy at law, including, without limitation, damage to Plaintiffs' reputation as suppliers of high quality unique pool cleaning products and loss of customers.

## COUNT II

### Infringement of the '182 Patent

83.     Water Tech incorporates by reference each and every allegation contained in Paragraphs 1 through 82 as though fully set forth at length herein.

84.    Defendants have infringed, literally and under the doctrine of equivalents, and continue to infringe the '182 patent by making, using, importing, selling, and/or offering for sale, in this district and elsewhere, certain pool cleaning products, including, but not limited to, Kokido's Telsa 10, Telsa 30, Telsa 50, Telsa 80, Vektro T100, Vektro T150, Vektro Z200, Vektro V300 and Vektro X400 pool cleaning tools, without Water Tech's consent or permission.

85.    Defendants also have actively, knowingly and intentionally aided and abetted and induced infringement of the '182 patent by non-parties in violation of 35 U.S.C. § 271(b), including end-users, despite Defendants' knowledge of the '182 patent.

86.    The Kokido Telsa 10, Vektro T100, and Vektro T150 directly infringe one or more of the claims of the '182 Patent, including at least independent claim 1, as demonstrated in Exhibit 10 to this Complaint.

87.    The Kokido Telsa 30 and Vektro Z200 directly infringe one or more of the claims of the '182 Patent, including at least independent claim 1, as demonstrated in Exhibit 11 to this Complaint.

88.    The Kokido Telsa 50 and Vektro V300 directly infringe one or more of the claims of the '182 Patent, including at least independent claim 1, as demonstrated in Exhibit 12 to this Complaint.

89.    The Kokido Telsa 80 and Vektro X400 directly infringe one or more of the claims of the '182 Patent, including at least independent claim 1, as demonstrated in Exhibit 13 to this Complaint.

90.    Defendants' actions in infringing the '182 patent have been, and continue to be, willful, deliberate, and/or in conscious disregard of Water Tech's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

91.     As a result of Defendants' infringing activities, Plaintiffs sustained damages in an amount to be proven at trial.

92.     Defendants will continue their infringing activities unless and until they are restrained and enjoined by this Court.

93.     Defendants' infringing activities have caused, and will continue to cause, Water Tech irreparable harm for which there is no adequate remedy at law, including, without limitation, damage to Water Tech's reputation as suppliers of high quality unique pool cleaning products and loss of customers.

<u>**COUNT III**</u>

**Infringement of the '975 Patent**

94.     Water Tech incorporates by reference each and every allegation contained in Paragraphs 1 through 93 as though fully set forth at length herein.

95.     Defendants have infringed, literally and under the doctrine of equivalents, and continue to infringe the '975 patent by making, using, importing, selling, and/or offering for sale, in this district and elsewhere, certain pool cleaning products, including, but not limited to, Kokido's Telsa 50 and Vektro V300 pool cleaning tools, without Plaintiffs' consent or permission.

96.     Defendants also have actively, knowingly and intentionally aided and abetted and induced infringement of the '975 patent by non-parties in violation of 35 U.S.C. § 271(b), including end-users, despite Defendants' knowledge of the '975 patent.

97.     The Kokido Telsa 50 and Vektro V300 directly infringe one or more of the claims of the '975 Patent, including at least independent claim 1, as demonstrated in Exhibit 14 to this Complaint.

98.     Defendants' actions in infringing the '975 patent have been, and continue to be, willful, deliberate, and/or in conscious disregard of Water Tech's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

99.     As a result of Defendants' infringing activities, Plaintiffs sustained damages in an amount to be proven at trial.

100.    Defendants will continue their infringing activities unless and until they are restrained and enjoined by this Court.

101.    Defendants' infringing activities have caused, and will continue to cause, Water Tech irreparable harm for which there is no adequate remedy at law, including, without limitation, damage to Water Tech's reputation as suppliers of high quality unique pool cleaning products and loss of customers.

## COUNT IV

### Infringement of the '441 Patent

102.    Water Tech incorporates by reference each and every allegation contained in Paragraphs 1 through 101 as though fully set forth at length herein.

103.    Defendants have infringed, literally and under the doctrine of equivalents, and continue to infringe, literally and under the doctrine of equivalents, the '441 patent by making, using, importing, selling, and/or offering for sale, in this district and elsewhere, certain pool cleaning products, including, but not limited to, Kokido's Telsa 50, Vektro V300, Wanda, and Lektra pool cleaning tools, without Plaintiffs' consent or permission.

104.    Defendants also have actively, knowingly and intentionally aided and abetted and induced infringement of the '441 patent by non-parties in violation of 35 U.S.C. § 271(b), including end-users, despite Defendants' knowledge of the '441 patent.

105. The Kokido Telsa 50 and Vektro V300 directly infringe one or more of the claims of the '441 Patent, including at least dependent claims 4, 5, 8, and 16, as demonstrated in Exhibit 15 to this Complaint.

106. The Kokido Wanda directly infringes one or more of the claims of the '441 Patent, including at least dependent claims 4, 5, 8, and 16, as demonstrated in Exhibit 16 to this Complaint.

107. The Kokido Lektra directly infringes one or more of the claims of the '441 Patent, including at least dependent claims 4, 5, 8, and 16, as demonstrated in Exhibit 17 to this Complaint.

108. Defendants' actions in infringing the '441 patent have been, and continue to be, willful, deliberate, and/or in conscious disregard of Water Tech's rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

109. As a result of Defendants' infringing activities, Plaintiffs sustained damages in an amount to be proven at trial.

110. Defendants will continue their infringing activities unless and until they are restrained and enjoined by this Court.

111. Defendants' infringing activities have caused, and will continue to cause, Water Tech irreparable harm for which there is no adequate remedy at law, including, without limitation, damage to Water Tech's reputation as suppliers of high quality unique pool cleaning products and loss of customers.

## COUNT V

### Infringement of the 'D396 Design Patent

112. Water Tech incorporates by reference each and every allegation contained in Paragraphs 1 through 111 as though fully set forth at length herein.

26

113.    Defendants have infringed and continue to infringe the 'D396 design patent by making, using, importing, selling, and/or offering for sale, in this district and elsewhere, certain pool cleaning products, including, but not limited to, Kokido's Telsa 50 and Vektro V300 pool cleaning tools, without Plaintiffs' consent or permission.

114.    Defendants also have actively, knowingly and intentionally aided and abetted and induced infringement of the 'D396 design patent by non-parties in violation of 35 U.S.C. § 271(b), including end-users, despite Defendants' knowledge of the 'D396 design patent.

115.    The infringing product infringes the 'D396 design patent because through the eyes of an observer familiar with the prior art, the Telsa 50 design has appropriated the claimed design as a whole.

116.    As shown in Images 16 ('D396 design patent) and 17 (Kokido's Telsa 50 and Vektro V300), Kokido's Telsa 50 and Vektro V300 products have at least seven substantial similarities to the patented design of the 'D396 design patent including, but not limited to, a housing with a curved handle (1,7), an L-shaped handle (6), and a tapered lower body (3).



Image 16 ('D396 design patent)          Image 17 (Telsa 50 and Vektro V300)

117.     Defendants' actions in infringing the 'D396 design patent have been, and continue to be, willful, deliberate, and/or in conscious disregard of Plaintiffs' rights, making this an exceptional case within the meaning of 35 U.S.C. § 285.

118.     As a result of Defendants' infringing activities, Plaintiffs sustained damages in an amount to be proven at trial.

119.     Defendants will continue their infringing activities unless and until they are restrained and enjoined by this Court.

120.     Defendants' infringing activities have caused, and will continue to cause, Plaintiffs irreparable harm for which there is no adequate remedy at law, including, without limitation, damage to Plaintiffs' reputation as suppliers of high quality unique pool cleaning products and loss of customers.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs are entitled to judgment in their favor and against Defendants and requests that this Court:

(1)     Order, adjudge and decree that Defendants have infringed one or more claims of each of the '460, '182, '975, and '441 patents and the 'D396 design patent;

(2)     Enter judgment in favor of Water Tech and against Defendants;

(3)     Issue orders granting a preliminary injunction and a permanent injunction precluding Defendants, their officers, directors,  agents, servants, employees, attorneys, subsidiaries, affiliates, and all those acting in concert with  them, from making, using, importing, selling, and/or offering for sale the Infringing Products or any other products that are found to be covered by one or more claims of any of the Patents-in-Suit, or otherwise directly or indirectly committing  further acts of infringement of these patents;

(4)      Order an accounting for damages arising from Defendants' acts leading to the infringement of any of the Patents-in-Suit in an amount no less than a reasonable royalty or any other minimum amount guaranteed under the law, including, but not limited to, damages pursuant to 35 U.S.C. § 284;

(5)      Award damages adequate to compensate for Plaintiffs' losses caused by the wrongful and infringing activities of Defendants, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date infringement began;

(6)      Find that Defendants' patent infringement is willful,  that this is an exceptional case, and award enhanced damages and reasonable attorneys' fees  and costs to Plaintiffs; and

(7)      Award such further relief as this Court deems proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all matters triable by jury.

Dated:   June 30, 2017                    Respectfully submitted,

By: */s/ Rudolph A. Telscher, Jr.*
Rudolph A. Telscher, Jr., 41072MO
Steven E. Holtshouser, 33531MO
Nathan Sportel, IL #6304061*
Shannon D. Peters, 66953MO
HUSCH BLACKWELL LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone:   (314) 480-1500
Facsimile:   (314) 480-1505
rudy.telscher@huschblackwell.com
steve.holtshouser@huschblackwell.com
nathan.sportel@huschlackwell.com
shannon.peters@huschblackwell.com
*to be admitted *pro hac vice*

*Attorneys for Plaintiffs Water Technology, LLC and Water Tech Corp.*