UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WATER TECHNOLOGY, LLC and WATER TECH CORP., <br><br> Plaintiffs/Counterclaim Defendants, <br><br> vs. <br><br> KOKIDO DEVELOPMENT LIMITED And MENARD, INC., <br><br> Defendants/Counterclaim Plaintiffs. | Case No. 4:17-CV-01906-AGF |

# **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' motion for leave to file out of time (ECF 94) their opposition (ECF 94-1) to Defendants' motion for leave to file (ECF 81) an answer, affirmative defenses, and counterclaims (ECF 80) to Plaintiffs' amended complaint (ECF 77). For the reasons set forth below, Plaintiffs' motion will be granted.

On June 30, 2017, Plaintiffs filed this action alleging that Defendants infringed Plaintiffs' patents relating to pool vacuum technology. On June 14, 2018, Plaintiffs filed an amended complaint to remove two previous claims regarding patents '182 and '441. Those claims were dismissed with prejudice (ECF 76). On June 27, 2018, Defendants filed a motion for leave to file an answer to the amended complaint, along with the answer itself asserting a new counterclaim for infectious unenforceability related to patent '460.

On July 18, 2018, Plaintiffs filed their present motion for leave to file out of time

their opposition to Defendants' motion, along with the opposition itself, arguing that Defendants' new counterclaim should have been asserted sooner and in any event is futile. In their motion seeking leave to file their opposition out of time, Plaintiffs cite as the cause of their untimeliness confusion as to whether Defendants' answer was an original answer, requiring a response within 21 days,[1] or an amended answer, requiring a response within 14 days.[2] Plaintiffs explain that, because they were responding to Defendants' new counterclaim for the first time, they assumed that the former applied. On July 20, 2018, Defendants filed their opposition to Plaintiffs' motion, challenging the credibility of Plaintiffs' explanation and further asserting that the applicable response time was seven days.[3]

Rule 6(b)(1)(b) allows the Court to extend time, for good cause, when a party's failure to act is attributable to excusable neglect, such as inadvertence or mistake. *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010). Relevant factors include: the risk of prejudice to the non-moving party; the length of delay and its impact on proceedings; reasons for the delay; and whether the moving party acted in good faith. *Id*. The Court finds that these factors weigh in Plaintiffs' favor. The delay was brief and cannot be said to have prejudiced Defendants or impacted proceedings, and Plaintiffs' explanation reflects good faith.

---

[1] Fed. R. Civ. P. 12(a)(1)(B).
[2] Fed. R. Civ. P. 15(a)(3).
[3] E.D.Mo. L.R. 4.01(B).

Accordingly, for good cause shown,

**IT IS HEREBY ORDERED** that Plaintiffs' motion (ECF 94) is **GRANTED**.

The Clerk of the Court shall detach ECF 94-1.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of July, 2018.