UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WATER TECHNOLOGY, LLC and<br>WATER TECH CORP., <br><br>   Plaintiffs/Counterclaim Defendants,<br><br>vs.<br><br>KOKIDO DEVELOPMENT LIMITED<br> And MENARD, INC.,<br><br>   Defendants/Counterclaim Plaintiffs. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:17-CV-01906-AGF |

## MEMORANDUM AND ORDER

This matter is before the Court on Water Tech's motions (ECF Nos. 142, 145) to dismiss certain counterclaims asserted by Kokido. Both motions will be granted.

On June 30, 2017, Water Tech filed a complaint asserting that Kokido's products infringe five Water Tech patents, known by the parties as the '182, '441, '460, '975, and 'D396. Kokido filed a counterclaim seeking declaratory judgment of non-infringement and invalidity as to all five. Water Tech filed an amended complaint removing its claims with respect to the '182 and '441, which were dismissed with prejudice. On June 27, 2018, Kokido filed an answer to the amended complaint (ECF No. 80) retaining its counterclaims regarding the dismissed patents (counterclaims 3, 4, 7, 8, 10, and 11) and adding a new counterclaim of infectious unenforceability with respect to the '460 (counterclaim 12).

Water Tech moved to dismiss these counterclaims (ECF Nos. 95, 142),[1] and the matter was fully briefed (ECF Nos. 96, 106, 113, 144). While the motion was still pending, Water Tech issued a covenant not to sue, which the parties agree divests this Court of jurisdiction with respect to counterclaims 3, 4, 7, 8, 10, and 11. As such, Water Tech filed an unopposed motion to dismiss those counterclaims by consent of the parties (ECF No. 145). That motion will be granted. Water Tech's motion to dismiss with respect to counterclaim 12 (ECF No. 142) remains in dispute and will also be granted for the reasons set forth below.

In its counterclaim 12, Kokido seeks declaratory judgment of infectious unenforceability as to the '460, alleging that Water Tech knowingly made material misrepresentations to the USPTO in the prosecution of the '460's parent patent[2] (the '157) in order to overcome the Schuman patent.[3] Specifically, in that prosecution, Water Tech distinguished its product from Schuman by asserting that Water Tech's product had a toroidal body, whereas Schuman was not toroidal. Kokido alleges that Water Tech's representation was knowingly false in that Schuman is cylindrical, and a cylinder is a toroid. Water Tech contends that this counterclaim should be dismissed for failure to state

---

[1] Water Tech's original motion to dismiss, filed July 18, 2018 (ECF No. 95), was dismissed without prejudice (ECF No. 141) in the wake of the Court's Markman ruling (ECF No. 137). Water Tech renewed its motion to dismiss on April 4, 2019 (ECF No. 142).

[2] U.S. Patent No. 6,797,157.

[3] U.S. Patent No. 4,962,559.

a claim under Rule 12(b)(6) because the representation was merely attorney argument and not an intended deception.

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. *World Wide Stationery Mfg. Co., Ltd. v. U.S. Ring Binder, L.P.*, 4:07-CV-1947 (CEJ), 2009 WL 1684702, at *1 (E.D. Mo. June 16, 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Inequitable conduct must be pleaded with particularity under Rule 9(b). *World Wide Stationary*, 2009 WL 1684702, at *1.

To prove infectious unenforceability, an accused infringer must establish (1) inequitable conduct sufficient to hold the parent patent unenforceable and (2) a direct relation between that conduct and enforcement of the child patent. *Consolidated Aluminum Corp. v Foseco International Ltd.*, 910 F.2d 804, 810-811 (Fed. Cir. 1990). With respect to the first prong, the accused infringer must prove that the patentee acted with the specific intent to deceive the PTO. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290 (Fed. Cir. 2011). A finding that the misrepresentation or omission amounts to gross negligence or negligence under a "should have known" standard does not satisfy this intent

requirement. *Id.* Specific intent to deceive must be "the single most reasonable inference able to be drawn from the evidence." *Id.* Attorney argument attempting to distinguish claims from prior art does not rise to the level of affirmative misrepresentation, and the examiner is free to reject such argument and reach his own conclusion. *Young v. Lumenis, Inc.*, 492 F.3d 1336, 1349 (Fed. Cir. 2007). That is precisely what occurred here.

The parties do not dispute that donuts and cylinders are both toroids. The '460 prosecution history, incorporated by reference into Kokido's counterclaim pleadings, reflects that Water Tech's use of "toroidal" refers to the curvilinear body of the '460, as shown in Figure 2, where the "donut hole" creates the handle, as opposed to the elongated cylinder of Schuman. Water Tech simply sought to distinguish the compact shape of the '460 in support of its claim of superior maneuverability. And the PTO examiner clearly was not deceived by Water Tech's usage. The examiner recognized that Schuman did indeed have a toroidal body, but he still allowed the amendment because Schuman did not teach a toroidal body wherein the hole created the handle. Viewing Kokido's pleadings and the referenced patents in full context, the Court finds Kokido's allegations of deception entirely speculative and insufficient to state a claim to relief that is plausible on its face.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motions to dismiss are **GRANTED**. ECF Nos. 142, 145.

_____
AUDREY G. FLEISSIG

                                                                      UNITED STATES DISTRICT JUDGE

Dated this 25th day of June, 2019.